[Cite as *Wolfe v. Wolfe*, 2014-Ohio-2159.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT WOLFE | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| COLLEEN WOLFE | : | Case No. 2013CA00196 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Common Pleas
                                     Court, Domestic Relations Division,
                                     Case No. 2013DV00083


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    May 19, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTOPHER DIONISIO                  ANTHONY KOUKOUTAS
4883 Dressler Road, NW                116 Cleveland Avenue, NW
Canton, OH  44718                     Suite 808
                                      Canton, OH  44702

*Farmer, P.J.*

{¶1}    On February 21, 2012, appellant, Colleen Wolfe, and appellee, Robert Wolfe, were divorced (Case No. 2011DR00672).  Appellee was awarded custody of the parties' two children, and appellant was granted supervised visitation.  On January 30, 2013, the trial court issued an order suspending appellant's visitation, and issued a no contact order, prohibiting appellant from being present within 500 feet of the children.

{¶2}    On August 30, 2013, appellee filed a petition for a domestic violence civil protection order for himself and the parties' two children as against appellant (Case No. 2013DV00083).  A hearing was held on September 13, 2013.  On same date, the trial court issued the request civil protection order.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE GRANTING OF THE CIVIL PROTECTION ORDER WITH RESPECT TO THE APPELLANT'S CHILDREN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶5}    Appellant claims the granting of the civil protection order to include the children is against the manifest weight of the evidence as no evidence was presented of any harm to the children.  We disagree.

{¶6}    On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and

determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1983). *See also, State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21.

{¶7}    A petition for a domestic violence civil protection order is governed by R.C. 3113.31. Subsection (A) states the following:

> (A) As used in this section:
>
> (1) "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:
>
> (a) Attempting to cause or recklessly causing bodily injury;
>
> (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
>
> (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;
>
> (d) Committing a sexually oriented offense.

{¶8} A "family or household member" includes: "A parent or a child of a spouse, person living as a spouse, or former spouse of the respondent, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the respondent." R.C. 3113.31(A)(3)(a)(iii).

{¶9} In the civil protection order filed on September 13, 2013, the trial court found the following:

Colleen Wolfe is the ex-spouse of the Petitioner and the mother of [M.] and [R.]. She has engaged in a pattern of stalking and threatening the Petitioner and children. Jurisdiction exists. Colleen Wolfe has attacked her ex mother-in-law and she is currently in jail for stalking petitioner. Credible testimony presented. Colleen Wolfe has committed acts of domestic violence against the Petitioner.

The Court further finds by a preponderance of the evidence: 1) that the Petitioner or Petitioner's family or household member(s) are in danger of or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by Respondent; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from domestic violence.

{¶10} A hearing on the civil protection order was held on September 13, 2013. Appellant did not appear at the hearing. Appellee testified to the following (T. at 5-6):

Q. And since the time of the divorce action, uh...we're alleging that she's engaged in an on-going pattern uh... or erratic behavior causing fear, uh...and physical and mental distress to both you and the children.  Is that correct?

A. Yes.

Q. Um...accusations that we have asserted uh...include uh...stalking, appearing uh...at the children's schooling.  Uh...appearing at the children's counseling.  Driving past the home.  Following the minor children.  And there have been a couple of instances at least where she's actually appeared at the home and engaged in physical violence both towards you, others in the residence for which she has been arrested and charged with felonies on two separate occasions.  Is that correct?

A. Yes.

Q. Um...can you give the Court a uh...brief description uh...of some of the events, uh...and your concerns with respect to Colleen?

A. Sure.  Um...Colleen actually came to my house a while back ago and uh...broke in, uh...assaulted and choked my mother.  Um...and just, just pushing and assaulting me.  Um...in order, before she left the house, uh...she uh...assaulted and wouldn't allow my fiancé to get back in the house.  Um...as you stated she's been at the school.  She's been at the counseling.  Uh...she's, drives past the house often.  Um...and she just continually, you know, harasses the family.

Q. And all, all of these or many of these actions have actually occurred, including the criminal violations in the presence of the minor children.  Is that correct?

A. Yes.

Q. And uh...most recently, uh...actually in August, late August of this year, she was again charged with felony four, Menacing by Stalking and that case is currently pending before the Stark County Grand Jury.  Is that accurate?

A. Yes.  Uh...she uh...came to the house and the kids were there.

Q. Okay.  And she has no uh...rights at this point to be around the children?  Correct?

A. The children or the house.

{¶11} Back on January 30, 2013, the trial court in the domestic relations case had issued an order suspending appellant's visitation with the children, as well as a no contact order:

Mother's visitation is suspended.  In addition she shall not be present within 500 feet of the children wherever those children may be found, or any place that she knows or should know that the children are likely to be, even with father's permission.  If she accidentally comes in contact with a child in any public or private place she must depart

immediately. This shall include encounters on public and private roads, highways and thoroughfares.

{¶12} It is clear from the credible evidence presented that numerous acts of violence and threatening behavior have occurred when the children were present, causing a "fear of imminent serious physical harm." Seeing one's grandmother choked or one's father pushed and assaulted is sufficient to establish that the children had a fear of imminent serious physical harm.

{¶13} Given the evidence presented, we find the trial court's determination that the civil protection order should include the children due to appellant having engaged in a pattern of stalking and threatening behavior toward appellee and the children is not against the manifest weight of the evidence.

{¶14} The sole assignment of error is denied.

{¶15} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 513